**99-1268. State v. Cassano.**

Richland C.P. No. 98CR171H. This cause is pending as an appeal of a death penalty conviction from Richland County Court of Common Pleas. On July 9, 1999, this court ordered the Clerk of the Richland County Court of Common Pleas to certify and transmit the record in accordance with S.Ct.Prac.R. XIX. On September 2, 1999, this court granted appellant's motion for extension of time to transmit the record, ordered that the record be filed by November 8, 1999, and that no further extensions would be granted. It appearing to the court that the Clerk of the Richland County Court of Common Pleas has not filed the record as required by this court's order,

IT IS ORDERED by the court, *sua sponte*, that the Clerk of the Richland County Court of Common Pleas show cause on or before December 17, 1999, why he should not be held in contempt for failing to comply with this court's order.

**99-1659. State ex rel. Messina v. Steiner.**

In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's motion for emergency stay of the Licking County Court of Common Pleas proceedings,

IT IS ORDERED by the court that the motion be, and hereby is, granted.

F.E. SWEENEY, PFEIFER and COOK, JJ., dissent.

**99-1878. State v. Williams.**

Lucas C.P. No. CR991366. This cause is pending before the court as an appeal from the Court of Common Pleas of Lucas County. Upon consideration of appellant's motion for extension of time to transmit the record,

IT IS ORDERED by the court that the motion for extension of time to transmit the record be, and hereby is, granted, and the time for transmitting the record is extended to February 15, 2000.

**99-1992. State v. Chiolo.**

Stark App. No. 1999CA00030. This cause is pending before the court as a discretionary appeal and claimed appeal of right from the Court of Appeals for Stark County. Upon consideration of appellant's motion for stay of further execution of sentence and motion for bail pending determination of appeal,

IT IS ORDERED by the court that the motions be, and hereby are, denied.

## DISCIPLINARY DOCKET

**99-1772. In re Al'Uqdah.**

On October 20, 1999, this court suspended respondent, William Al'Uqdah, a.k.a. William Mujahid Al'Uqdah, for an interim period pursuant to Gov.Bar R. V(5)(A)(4). On October 27, 1999, respondent filed a motion for stay of imposition of sanctions and on November 18, 1999, the Board of Commissioners on Grievances and Discipline submitted an entry pursuant to Gov.Bar R. V(5)(D)(1)(c) notifying this court that respondent no longer was in default of the child support order previously submitted to the court. Upon consideration thereof,

IT IS ORDERED by the court that pursuant to Gov.Bar R. V(5)(D)(1), respondent William Al'Uqdah, a.k.a. William Mujahid Al'Uqdah, Attorney Registration No. 0039809, last known address in Cincinnati, Ohio, be reinstated to the practice of law.

IT IS FURTHER ORDERED that pursuant to Gov.Bar R. V(5)(D)(2), reinstatement of respondent shall not terminate any pending disciplinary proceedings against respondent.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

PFEIFER, J., dissents.